IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| IN RE: RONALD JAMES GRASON, )<br>)<br>    Debtor, )<br>)<br>RONALD J. GRASON, )<br>)<br>    Appellant )<br>)<br>    v. )<br>)<br>CHAPTER 13 TRUSTEE JOHN H. )<br>GERMERAAD and ILLINIOS )<br>DEPARTMENT OF REVENUE, )<br>)<br>    Appellees. ) | No. 3:17-CV-03170 |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Report and Recommendation to the District Court (d/e 7) filed by United States Chief Bankruptcy Judge Mary P. Gorman and the Trustee/Appellee's Motion to Dismiss Appeal by Appellant Ronald Grason Sr. (d/e 8) filed by John H. Germeraad, Chapter 13 Trustee.  Because Appellant Ronald J. Grason's appeal is untimely, the Motion to Dismiss is GRANTED.  Alternatively, the Court

ACCEPTS Judge Gorman's Report and Recommendation and dismisses the appeal for failure to pay the filing fee.

## I. BACKGROUND

On July 19, 2017, the bankruptcy court dismissed Grason's Chapter 13 bankruptcy case because he had a pending Chapter 7 case relating directly to the debts at issue in the Chapter 13 case. See Record on Appeal, Order at 6-9 (d/e 6). Grason thereafter had 14 days to file his notice of appeal with the bankruptcy clerk. See Fed. R. Bankr. P. 8002(a)(1). This period ended on August 2, 2017.

On August 3, 2017, Grason filed in the bankruptcy court his notice of appeal and a Motion to Proceed in Forma Pauperis. On August 4, 2017, the bankruptcy court denied Grason's Motion to Proceed In Forma Pauperis based on the discrepancies between the income and expenses listed on his case documents and those listed in his Motion to Proceed In Forma Pauperis. Order at 2 (d/e 2). The bankruptcy court granted Grason until August 18, 2017 to pay the $298 filing fee. To date, Grason has not paid the filing fee.

Grason also filed a "Notice of Appeal and Statement of Election" that the bankruptcy court construed as a request to have

the appeal reviewed directly by the Seventh Circuit. On August 4, 2017, the bankruptcy court denied Grason's request to have the appeal reviewed directly by the Seventh Circuit. Order at 2 (d/e 4). In the Order denying the request to have the appeal reviewed directly by the Seventh Circuit, the bankruptcy court noted that the notice of appeal was filed one day late. Id. at 3.

On August 21, 2017, Judge Gorman filed a Report and Recommendation (d/e 7) pursuant to 28 U.S.C. § 157(c)(1).[1] Judge Gorman recommended that the appeal be dismissed for failure to pay the filing fee. On August 22, 2017, this Court issued a Text Order advising Grason that any objections to the Report and Recommendation must be filed on or before September 5, 2017. Grason did not file any objections.

---

[1] Section 157(c)(1) provides: "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."

On August 28, 2017, the Trustee filed a motion to dismiss the appeal for lack of jurisdiction. On that same day, this Court entered a Text Order advising Grason that, if he did not respond to the motion, the motion would be granted, if appropriate, and the case would be terminated. The Court granted Grason up to and including September 14, 2017 to file a response. No response was filed.

## II. ANALYSIS

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a). An appeal under § 158(a) is "taken in the same manner as appeals in civil proceedings are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2).

Rule 8002 of the Federal Rules of Bankruptcy Procedure provides that, subject to exceptions not applicable in this case, a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed. Fed. R. Bankr. P. 8002(a)(1); In re Arbuckle, 988 F.2d 29, 31 (5th Cir. 1993) (finding that the additional three days that are added to

a prescribed period under Federal Rule of Bankruptcy Procedure 9006(f) apply only when the time period for filing begins running from the date of service and does not apply when the time period begins running from the date of entry, as is the case for the time period for filing a notice of appeal); see also In re Wigoda, 11 F. App'x 624, 625 (7th Cir. 2001) (citing Arbuckle and holding that the additional three days do not apply to the time period for filing a notice of appeal). The notice of appeal must be accompanied by the prescribed fee. Fed. R. Bankr. P. 8003(a)(3)(C).

The bankruptcy court may extend the time to file a notice of appeal, subject to certain exceptions not applicable here. Fed. R. Bankr. P. 8002(d)(1). The motion seeking an extension of time must be filed within the time prescribed by Rule 8002 or within 21 days after that time, if the party shows excusable neglect. Fed. R. Bankr. P. 8002(d)(1)(A), (B).

In this case, the notice of appeal was due on August 2, 2017. Grason did not file the notice of appeal until August 3, 2017. On August 4, 2017, the bankruptcy court advised Grason that the notice of appeal was untimely. Order at 3 (d/e 4). Grason never

sought an extension of time under Rule 8002, and the time for doing so has since expired.

The filing of the notice of appeal is jurisdictional. <u>In re Sobczak-Slomczewski</u>, 826 F.3d 429, 432 (7th Cir. 2016) (affirming the dismissal for lack of jurisdiction where the notice of appeal was filed one day late). Therefore, the Court dismisses this appeal for lack of jurisdiction.

Even if this Court had jurisdiction, the Court would dismiss the appeal due to Grason's failure to pay the filing fee. The failure to take any step other than to timely file the notice of appeal does not affect the validity of the appeal but is a basis for the district court or bankruptcy appellate panel to dismiss the appeal. Fed. R. Bankr. P. 8003(a)(2).

On August 21, 2017, Judge Gorman recommended that the appeal be dismissed because Grason failed to pay the filing fee after being given sufficient additional time to pay. Report & Recommendation at 4 (and also noting that Grason's failure to comply with the bankruptcy court's "order requiring payment of the filing fee should not be ignored"). Grason has failed to file any objections to the Report and Recommendation. <u>See</u>, <u>e.g.</u>, <u>Video</u>

Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986) (finding that the failure to object to the report and recommendation waives the right to appeal all issues). The Court, therefore, presumes that Grason has no objection, and the Court accepts the Report and Recommendation.

In addition, the Court agrees with Judge Gorman that dismissal for failure to pay the applicable fee is warranted. See Fed. R. Bankr. P. 8003(a)(2) (failure to take any step required to appeal other than timely filing the notice of appeal is a basis to dismiss the appeal); Bernegger v. King, No. 10-CV-1158, 10-CV-1159, 2011 WL 2518788 at *1 (E.D. Wis. June 23, 2011) (noting that dismissal of the appeal for the untimely payment of the filing fee was warranted but ultimately dismissing on other grounds). The bankruptcy court denied Grason's request to proceed in forma pauperis and gave Grason additional time to pay the filing fee. Grason failed to do so. Therefore, the Court accepts the Report and Recommendation and dismisses the appeal for failure to pay the filing fee.

## III. CONCLUSION

For the reasons stated, the Trustee/Appellee's Motion to Dismiss Appeal by Appellant Ronald Grason Sr. (d/e 8) is GRANTED. This appeal is DISMISSED for lack of jurisdiction. Alternatively, the Report and Recommendation (d/e 7) is ACCEPTED by this Court. Grason's appeal is dismissed for Grason's failure to pay the filing fee. THIS CASE IS CLOSED.

**ENTER: September 20, 2017**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**